CASE NO. 19-cv-310-HE

---

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

---

**ALLISON BEARD, *et al.,***

**Plaintiff,**

**v.**

**DELYNN FUDGE, Executive Director, Oklahoma Pardon and Parole Board and in her individual capacity; JOE ALLBAUGH, Director, Oklahoma Department of Corrections and in his individual capacity,**

**Defendants.**

---

## DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT

---

**JON WILLIFORD, OBA#19598**
**Assistant Attorney General**
**Oklahoma Attorney General's Office**
**Litigation Division**
**313 NE 21st Street**
**Oklahoma City, Oklahoma 73105**
**Telephone: (405) 521-3921   Facsimile: (405) 521-4518**

***Attorney for Defendants***

**June 25, 2019**

## TABLE OF CONTENTS

TABLE OF CONTENTS....................................................................................i

TABLE OF AUTHORITIES ..........................................................................iii

DEFENDANTS' MOTION TO DISMISS ........................................................1

STATEMENT OF THE CASE .........................................................................2

STANDARD FOR DISMISSAL .......................................................................2

ARGUMENT AND AUTHORITY ....................................................................4

PROPOSITION I:

    DEFENDANTS FUDGE AND ALLBAUGH IN THEIR OFFICIAL
    CAPACITIES ARE NOT PROPER DEFENDANTS AS TO PLAINTIFFS' §
    1983 CLAIMS...................................................................................................4

PROPOSITION II:

    THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER
    PLAINTIFFS' OKLAHOMA CONSTITUTIONAL CLAIMS ............................5

PROPOSITION III:

    THE *ROOKER-FELDMAN* DOCTRINE PRECLUDES PLAINTIFFS'
    CLAIMS...........................................................................................................7

PROPOSITION IV:

    THE POLITICAL QUESTION DOCTRINE PRECLUDES PLAINTIFFS'
    CLAIMS REGARDING OKLAHOMA'S TRUTH AND SENTENCING
    ACT .................................................................................................................8

PROPOSITION V:

    PLAINTIFFS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES ...9

PROPOSITION VI:

    PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE
    GRANTED .....................................................................................................11

A.  Eighth Amendment ..............................................................................11

B.  Fourteenth Amendment ......................................................................14

**PROPOSITION VII:**

**DEFENDANTS FUDGE AND ALLBAUGH DID NOT PERSONALLY PARTICIPATE IN THE ALLEGED VIOLATIONS** ..........................................17

A.  Defendant Allbaugh ............................................................................18

B.  Defendant Fudge ................................................................................19

**PROPOSITION VIII:**

**PLAINTIFFS ARE NOT ENTITLED TO DECLARATORY JUDGMENT OR INJUNCTIVE RELIEF** ........................................................................20

**PROPOSITION XI:**

**DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY**................21

**PROPOSITION X:**

**PLAINTIFFS CANNOT ASSERT A CLASS ACTION** ........................................23

**CONCLUSION** ..............................................................................................24

**CERTIFICATE OF SERVICE** ......................................................................25

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Creighton,*
483 U.S. 635 (1987) ..................................................................................................................22

*Ashcroft v. al-Kidd,*
563 U.S. 731 (2011) ..................................................................................................................22

*Ashcroft v. Iqbal,*
129 S.Ct. 1937 (2009) ...........................................................................................................3, 18

*Barney v. Pulsipher,*
143 F.3d 1299 (10th Cir. 1998) ................................................................................................11

*Barrios v. Haskell Cty. Pub. Facilities Auth.; Foutch v. Turn Key Health,*
432 P.3d 233 (Okla. 2018) ......................................................................................................6, 7

*Battle v. Anderson,*
564 F.2d 388 (10th Cir. 1977) ..................................................................................................13

*Beaudry v. Corr. Corp. of American,*
331 F.3d 1164 (10th Cir. 2003) ................................................................................................10

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ...............................................................................................................3, 18

*Board of Regents v. Roth,*
480 U.S. 564 (1972) ..................................................................................................................14

*Booth v. Churner,*
532 U.S. 731 (2001) ....................................................................................................................9

*Bosh v. Cherokee Building Authority,*
2013 OK 9 .................................................................................................................................6, 7

*Boutwell v. Keating,*
399 F.3d 1203 (10th Cir. 2005) ................................................................................................15

*Brown v. Montoya,*
662 F.3d 1152 (10th Cir. 2011) ................................................................................................19

*Burnett v. Fallin,*
754 F.App'x 696 (10th Cir. 2018)........................................................................16

*Campbell v. City of Spencer,*
682 F.3d 1278 (10th Cir. 2012)...........................................................................7

*City of Los Angeles v. Lyons,*
461 U.S. 95 (1983)...............................................................................................20

*Connecticut Board of Pardons v. Dumschat,*
452 U.S. 458 (1981).............................................................................................15

*Cruse v. Board of County Commissioners of Atoka County,*
1995 OK 143..........................................................................................................5

*Custer Cnty. Action Ass'n v. Garvey,*
246 F.3d 1024 (10th Cir. 2001)...........................................................................9

*DeSpain v. Uphoff,*
264 F.3d 965 (10th Cir. 2001)......................................................................12, 14

*District of Columbia v. Wesby,*
138 S.Ct. 577 (2018)...........................................................................................22

*Dodds v. Richardson,*
614 F.3d 1185 (10th Cir. 2010)...........................................................................19

*Dubbs v. Head Start, Inc.,*
336 F.3d 1194 (10th Cir. 2003)...........................................................................3

*Dorrough v. Geo Group, Inc.,*
2016 WL 3829142 (W.D. Okla. July 12, 2016)..............................................5

*Estelle v. Gamble,*
429 U.S. 97 (1976)...............................................................................................14

*Ex parte Young,*
209 U.S. 123 (1908).............................................................................................20

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,*
544 U.S. 280 (2005).............................................................................................7

*Facio v. Jones,*
929 F.2d 541 (10th Cir. 1991)...........................................................................20

*Farmer v. Brennan,*
511 U.S. 825 (1994) ........................................................................... 11, 12

*Felders v. Malcom,*
755 F.3d 870 (10th Cir. 2014) ........................................................... 22, 23

*Fuller v. Odom,*
1987 OK 64 ............................................................................................. 5

*Gee v. Pacheco,*
627 F.3d 1178 (10th Cir. 2010) ............................................................... 3

*Girdner v. Board of Commissioners of Cherokee County,*
2009 OK CIV APP 94 .............................................................................. 5

*Gomes v. Wood,*
451 F.3d 1122 (10th Cir. 2006) .............................................................. 22

*Green v. Mansour,*
474 U.S. 64 (1985) ................................................................................. 21

*Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,*
442 U.S. 1 (1979) ................................................................................... 16

*Gregorich v. Lund,*
54 F.3d 410 (7th Cir. 1994) ................................................................... 22

*Grimsley v. MacKay,*
93 F.3d 676 (10th Cir. 1996) ................................................................. 18

*Guttman v. Khalsa,*
446 F.3d 1027 (10th Cir. 2006) ............................................................... 7

*Hafer v. Melo,*
502 U.S. 21 (1991) ................................................................................... 4

*Hall v. Witteman,*
584 F.3d 859 (10th Cir. 2009) ............................................................... 11

*Hernandez v. Mesa,*
173 S.Ct. 2003 (2017) ............................................................................ 21

*Holt v. United States,*
46 F.3d 1000 (10th Cir. 1995) ............................................................................................ 3

*Hudson v. McMillian,*
503 U.S. 1 (1992) ............................................................................................................. 11

*Hudson v. Palmer,*
468 U.S. 517 (1984) ......................................................................................................... 11

*Hutto v. Finney,*
437 U.S. 678 (1978) ......................................................................................................... 12

*Japan Whaling Ass'n v. Am. Cetacean Soc'y,*
478 U.S. 221 (1986) ........................................................................................................... 9

*Jerningan v. Stuchell,*
304 F.3d 1030 (10th Cir. 2002) ....................................................................................... 10

*Jenkins v. Wood,*
81 F.3d 988 (10th Cir.1996) ............................................................................................ 19

*Johns v. Wynnewood School Board of Educ.,*
1982 OK 101 ...................................................................................................................... 5

*Jones v. Braggs,*
2019 WL 961995 (W.D. Okla. Feb. 27, 2019) ............................................................... 15

*Kerr v. Hickenlooper,*
744 F.3d 1156 (10th Cir. 2014), *cert. granted, judgment vacated,* 135 S.Ct. 2927 (2015)................... 9

*Kisela v. Hughes,*
138 S.Ct. 1148 (2018) ...................................................................................................... 21

*Lapides v. Board of Regents,*
553 U.S. 613 (2002) ........................................................................................................... 4

*Little v. Jones,*
607 F.3d 1245 (10th Cir. 2010) ....................................................................................... 10

*Malek v. Haun,*
26 F.3d 1013 (10th Cir. 1994) ......................................................................................... 16

*McBride v. Deer,*
240 F.3d 1287 (10th Cir. 2001) ....................................................................................... 12

*Medina v. Cram,*
252 F.3d 1124 (10th Cir. 2001) ..................................................................23

*Mitchell v. Maynard,*
80 F.3d 1433 (10th Cir. 1996) ....................................................................12

*Morris v. Noe,*
672 F.3d 1185 (10th Cir. 2012) ..................................................................22

*Muscogee (Creek) Nation v. Pruitt,*
669 F.3d 1159 (10th Cir. 2012) ..................................................................20

*New England Mut. Life Ins. Co. v. Anderson,*
888 F.2d 646 (10th Cir. 1989) ....................................................................13

*O'Shea v. Littleton,*
414 U.S. 488 (1974) ...................................................................................21

*Ong Vue v. Henke,*
746 F.App'x 780 (10th Cir. 2018) ...............................................................16

*Pearson v. Callahan,*
555 U.S. 223 (2009) ...................................................................................22

*Pennhurst State School & Hospital v. Halderman,*
456 U.S. 89 (1984) .......................................................................................4

*Phillips v. Williams,*
1980 OK 25 ................................................................................................15

*Rhodes v. Chapman,*
452 U.S. 337 (1981) .............................................................10, 12, 13, 14

*Richardson v. McKnight,*
521 U.S. 399 (1997) ...................................................................................22

*Ricks Exploration Co. v. Oklahoma Water Resources Bd.,*
695 P.2d 498 (Okla. 1984) ........................................................................21

*Robbins v. Oklahoma,*
519 F.3d 1242 (10th Cir. 2008) ....................................................3, 17, 18

*Ruiz v. McDonnell,*
299 F.3d 1173 (10th Cir. 2002) ...................................................................3

*Shabazz v. Keating,*
977 P.2d 1089 (Okla. 1999) .......................................................................................15

*Shirley v. Chestnut,*
603 F.2d 805 (10th Cir. 1979) ...................................................................................15

*Smith v. McCord,*
707 F.3d 1161 (10th Cir. 2013) .................................................................................22

*State v. Dixon,*
1996 OK 15 ..................................................................................................................5

*Stidham v. Peace Officers Standards & Training,*
265 F.3d 1144 (10th Cir. 2003) ..................................................................................4

*Straley v. Utah Bd. of Pardons,*
582 F.3d 1208 (10th Cir. 2009) .................................................................................16

*Surefoot LC v. Sure Foot Corp.,*
531 F.3d 1236 (10th Cir. 2008) .................................................................................20

*Sutton v. Utah State School for the Deaf & Blind,*
173 F.3d 1226 (10th Cir. 1999) ..................................................................................3

*Tuffy's, Inc. v. City of Oklahoma City,*
2009 OK 4 .....................................................................................................................5

*Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.,*
535 U.S. 635 (2002) ...................................................................................................20

*White v. Pauly,*
137 S.Ct. 548 (2017) ..................................................................................................22

*Will v. Michigan State Police,*
491 U.S. 58 (1989) .......................................................................................................4

*Wilkinson v. Austin,*
545 U.S. 209 (2005) ...................................................................................................15

*Wilson v. Seiter,*
501 U.S. 294 (1991) .............................................................................10, 11, 13, 23

*Woodford v. Ngo,*
548 U.S. 81 (2006) ............................................................................................9, 10

*Yoder v. Honeywell, Inc.,*
104 F.3d 1215 (10th Cir. 1997) .................................................................................3

## STATUTES

51 O.S. § 151 *et seq.* ................................................................................5, 6, 7

51 O.S. § 152(14) ...........................................................................................6

51 O.S. § 155(25) ........................................................................................6, 7

57 O.S. § 331, *et seq.* ...................................................................................16

57 O.S. § 332.7(A) .........................................................................................17

57 O.S. § 332.7(B) .........................................................................................17

28 U.S.C. § 1257(a) .........................................................................................7

42 U.S.C. § 1997e(a) ...................................................................................9, 10

42 U.S.C. § 1983 ......................................................2, 4, 9, 11, 17, 18, 19, 20

## RULES

Fed. R. Civ. P. 12(b)(1) ................................................................................1, 2

Fed. R. Civ. P. 12(b)(6) ................................................................................1, 3

Fed. R. Civ. P. 23 ...........................................................................................23

Fed. R. Civ. P. 23(c)(1)(A) ...........................................................................24

Fed. R. Civ. P. 25 .......................................................................................1, 18

## OTHER

OKLA. CONST. art. I, § 7 ................................................................................2, 6

OKLA. CONST. art. I, § 9 ................................................................................2, 6

Okla. Const. art. VI, § 11 ................................................................................................9

U.S. Const. amend. XIV, § 1................................................................................................14

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLISON BEARD, *et al.*, | |
| **Plaintiffs,** | |
| v. | **Case No.: 19-cv-310-HE** |
| (1) DELYNN FUDGE, Executive Director, Oklahoma Pardon and Parole Board and in her individual capacity, | |
| (2) JOE ALLBAUGH, Director, Oklahoma Department of Corrections and in his individual capacity, | |
| **Defendants.** | |

## DEFENDANTS FUDGE AND ALLBAUGH'S
## MOTION TO DISMISS WITH BRIEF IN SUPPORT

Defendants Delynn Fudge[1] and Joe Allbaugh[2] respectfully move to dismiss this action

pursuant to Fed. R. Civ. P. 12 (b)(1) and (6) for the Plaintiffs fail to state a claim upon which

relief can be granted and these Defendants are immune from suit. In support of this motion,

Defendants submit the following brief.

---

[1] Delynn Fudge was the Executive Director of the Pardon and Parole Board. Melinda Romero, the previous Deputy Director has been named Interim Executive Director and will be substituted for Fudge regarding the remaining official capacity claims against, pursuant to Fed. R. Civ. P. 25.

[2] Joe Allbaugh resigned from his position as Director of the Oklahoma Department of Corrections on June 12, 2019. Scott Crow has been named as the Interim Director and will be substituted for Allbaugh regarding the remaining official capacity claims against, pursuant to Fed. R. Civ. P. 25.

## STATEMENT OF THE CASE

Plaintiffs are inmates serving life sentences for committing various violent crimes. On April 4, 2019, Plaintiffs[3] commenced the instant action against these Defendants in their official and individual capacities under 42 U.S.C. § 1983 alleging violations of their Eighth and Fourteenth amendment rights and Oklahoma's Constitution, art. I §§ 7, 9. [Doc. 1 at ¶ 12]. Specifically, Plaintiffs allege the current parole process violates their constitutional rights and that the Oklahoma Department of Corrections' ("ODOC") overcrowding and inadequate staffing subjects these Plaintiffs to deliberate indifference. Plaintiffs seek a declaratory judgment that the current parole process is unconstitutional and an injunction requiring these Defendants to provide parole proceedings that "afford a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id.* at p. 45. Although unclear, it also appears Plaintiffs are seeking a declaratory judgement against Defendants for the Oklahoma Legislature's reenactment of the Oklahoma Truth and Sentencing Act and sentencing matrix. For reasons more fully set forth below, Defendants submit that Plaintiff's claims must be denied and dismissed in their entirety.

## STANDARD FOR DISMISSAL

"Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d

---

[3] Only twenty (20) of the twenty-three (23) Plaintiffs named in the caption of the Complaint are identified in the "Parties" section of the Complaint. [Doc. 1, pp. 2-6]. Therefore, these Defendants submit that Plaintiffs Donnino Y Moreland, Rico Williams, and Travis Huddleston are not proper parties and should be dismissed.

1173, 1180 (10th Cir. 2002) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). Here, these Defendants are making a facial attack on the sufficiency of the allegations contained in the Petition, and thus, all well-pleaded factual allegations are accepted as true. See *Ruiz*, 299 F.3d at 1180; *Holt*, 46 F.3d at 1002.

A complaint should be dismissed for failure to state a claim upon which relief can be granted when "it appears that the plaintiff can prove no set of facts in support that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* (quoting *Sutton v. Utah State School for the Deaf & Blind*, 173 F.3d 1226 (10th Cir. 1999)).

The initial pleading must contain "[f]actual allegations [which are sufficient] to raise a right to relief above the speculative level." *Id.* In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face[]" not just conceivable. *Id.* at 570. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556); see also *Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010).

## ARGUMENT AND AUTHORITY

**PROPOSITION I: DEFENDANTS FUDGE AND ALLBAUGH IN THEIR OFFICIAL CAPACITIES ARE NOT PROPER DEFENDANTS AS TO PLAINTIFFS' § 1983 CLAIMS**

To the extent these Plaintiffs are seeking monetary damages against Defendants in their official capacities, Plaintiffs' § 1983 claims must fail as the State of Oklahoma is immune from such suit. An action for the violation of one's civil rights may be brought under 42 U.S.C. § 1983 against "[e]very person" who, acting under color of law, deprives someone of a right, privilege, or immunity guaranteed by the United States Constitution and federal laws. *Will v. Michigan State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). However, States and their agencies are not "persons" for purposes of § 1983. *Lapides v. Board of Regents*, 535 U.S. 613, 122 S.Ct. 1640 (2002); *Stidham v. Peace Officers Standards & Training,* 265 F.3d 1144, 1156 (10th Cir. 2003) (stating that neither the state nor its officials acting in their official capacities are persons under § 1983).

In the present case, a suit against Defendants in their official capacities must be treated as a suit against the governmental entity for which they are an agent. *Hafer v. Melo*, 502 U.S. 21 (1991). Because the State of Oklahoma and its agencies are not "persons" subject to suit under 42 U.S.C. § 1983, an action seeking damages for violations of constitutional rights cannot be maintained against Defendants. Therefore, Plaintiffs' § 1983 claims seeking any monetary relief must be dismissed. *See Pennhurst State School & Hospital v. Halderman*, 456 U.S. 89, 120 (1984).

**PROPOSITION II:     THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' OKLAHOMA CONSTITUTIONAL CLAIMS**

The Oklahoma Governmental Tort Claims Act ("GTCA") provides the exclusive remedy by which an injured plaintiff may recover against a governmental entity for the alleged torts of its agents and its employees. *Fuller v. Odom* 1987 OK 64, 741 P.2d. 446, 451; *Tuffy's, Inc. v. City of Oklahoma City,* 2009 OK 4, ¶7. The GTCA provides that prior to initiating a suit the claimant is required to provide written notice in compliance with the GCTA. *State v. Dixon,* 1996 OK 15, ¶ 7; *See also Johns v. Wynnewood School Board of Educ.*, 1982 OK 101. "Compliance with the written notice of claim and denial of claim provisions under the GTCA are prerequisites to the State's (or political subdivision's) consent to be sued and to the exercise of judicial power to remedy the alleged tortious wrong by the government. *Girdner v. Board of Commissioners of Cherokee County*, 2009 OK CIV APP 94 (referencing *Cruse v. Board of County Commissioners of Atoka County,* 1995 OK 143, ¶¶ 16-18.) It is also necessary to allege compliance with the GCTA to invoke the court's jurisdiction. *Id.* ¶¶ 22-23. *See Dorrough v. Geo Group, Inc.,* 2016 WL 3829142, *8-11 (WD Okla. July 12, 2016)(Court discussed the GTCA's "jurisdictional preconditions to filing a civil action include giving timely written notice of claim to the governmental entity that is alleged to be liable for the loss, and bringing suit in a timely manner following denial of the claim."). Here, Plaintiffs' Complaint fails to allege compliance with the GTCA. Therefore, this Court lacks subject matter jurisdiction over any of Plaintiffs' Oklahoma Constitutional claims, and this matter should be dismissed.

Oklahoma's Legislature amended the GTCA to specify that "the State's immunity from suit extended even to torts arising from alleged deprivations of constitutional rights." *Barrios*

*v. Haskell Cty. Pub. Facilities Auth.*; *Foutch v. Turn Key Health*, 432 P.3d 233 (Okla. 2018) at ¶ 10. A "tort" is defined as a "legal wrong, independent of contract, involving violation of a duty imposed by a general law, statute, **the constitution of Oklahoma**, or otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment." 51 O.S. §152(14)(emphasis added). In this action, Plaintiffs generally allege violations of the OKLA. CONST., art. I §§ 7, 9 – a cause of action carved out by *Bosh v. Cherokee Building Authority*, 2013 OK 9, 305 P.3d 994.  In asserting this cause of action, Plaintiffs are asking this Court for an expansive reading of *Bosh* to extend the right of actions for claims of the Oklahoma Constitution that are now inconsistent with the most recent Oklahoma Supreme Court ruling in *Barrios v. Haskell County Public Facilities Authority*; *Foutch v. Turn Key Health*, 432 P.3d 233 (Okla. 2018).

In *Barrios v. Haskell County Public Facilities Authority; Foutch v. Turn Key Health*, 432 P.3d 233 (Okla. 2018), the Oklahoma Supreme Court was requested to respond to whether inmates have a private right of action for the denial of medical care under OKLA. CONST. art. II, §§ 7 and 9, despite the tort immunity provided by § 155(25). *Id.* at 234-35. The Oklahoma Supreme Court responded: "[b]ecause the Legislature responded to our decision in *Bosh* by amending the Governmental Tort Claims Act ("GTCA"), 51 O.S. §§ 151 *et seq.*, to clarify that the State's immunity from suit extended even to so-called 'constitutional' torts, we answer the first question 'no'." *Id.* at 235 (footnote omitted). The court further concluded:

> …[B]ecause the Legislature amended the GTCA after our decision in Bosh to specify that the GTCA applies even to tort suits alleging violations of constitutional rights, we conclude that the GTCA's specific prohibition against

> tort suits arising out of the "operation or maintenance of any prison, jail or correctional facility" is a legislative determination to which we must now defer.

*Id.* at 240 (footnote omitted). The Legislature, therefore, invoked the State's sovereign immunity as to constitutional torts via the GTCA and the *Barrios* Court was careful not to withdraw immunity granted by legislative act. *Id.* at 244. The application of the GTCA to Plaintiffs' Oklahoma Constitutional claims necessitates dismissal for Plaintiffs have failed to allege compliance with the GTCA and § 155(25) preserves sovereign immunity for such claims against Defendants acting within the scope of their employment.

**PROPOSITION III:**      **THE *ROOKER-FELDMAN* DOCTRINE PRECLUDES PLAINTIFFS' CLAIMS**

Under 28 U.S.C. § 1257(a), "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." The *Rooker–Feldman* doctrine arose out of this statute and provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments. *See Guttman v. Khalsa,* 446 F.3d 1027, 1031 (10th Cir. 2006). Federal district courts do not have jurisdiction to review state court judgments or claims inextricably intertwined with them. *Id.* Specifically, the Supreme Court held that "[t]he *Rooker–Feldman* doctrine ... is confined to ... cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). The thrust of the *Rooker-Feldman* doctrine is that claims barred by its application are those complaining that the state court wrongfully entered its judgment. *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012). Thus, Plaintiffs' challenge to the sentencing determinations

by the criminal court lies primarily with the Oklahoma Court of Criminal Appeals and, thereafter, the United States Supreme Court.

In fact, Plaintiffs' Complaint alleges that Plaintiffs Brandon J. Ballard, David Flowers, Keith L. Brown, Shawn A. Detwiler, Titus T. Helms, Tony D. Humdy, and Wayne Williams all have appeals pending in Oklahoma District Courts and Appellate Courts seeking post-conviction relief. *See* [Doc. 1, pp. 2-6]. Because the underlying state courts are the appropriate venue for challenging criminal sentencing, Plaintiffs' claims fail under *Rooker-Feldman* as they are inextricably intertwined with each state court conviction and sentencing. Specifically, the underlying state-court decisions are precisely what this Court would have to scrutinize to grant relief in this case. For example, this Court would have to scrutinize whether each Plaintiff was certified a "juvenile" defendant at the time of their conviction, and based upon that determination, scrutinize the sentencing for each violent crime committed by each Plaintiff. In sum, Plaintiffs' claims against Defendants serve as a direct challenge to the integrity of his or hers underlying state-court conviction and sentencing. This request must therefore be dismissed.

**PROPOSITION IV:     THE     POLITICAL     QUESTION     DOCTRINE PRECLUDES PLAINTIFFS' CLAIMS REGARDING OKLAHOMA'S TRUTH AND SENTENCING ACT**

Although unclear, it appears that Plaintiffs are seeking a declaratory judgment against these Defendants for Oklahoma's Legislative decision to "revive and reenact" the Oklahoma's Truth in Sentencing Act and sentencing matrix. [Doc. 1, ¶ 14]. This request is a nonjusticiable political question that this Court should dismiss. According to the Tenth Circuit:

> The political question doctrine excludes from judicial review those controversies which revolve around policy choices and value determinations

constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch. *Japan Whaling Ass'n v. Am. Cetacean Soc'y,* 478 U.S. 221, 230, 106 S.Ct. 2860, 92 L.Ed.2d 166 (1986). Applicability of the political question doctrine is a question of law that we review de novo. *Custer Cnty. Action Ass'n v. Garvey,* 256 F.3d 1024, 1031–32 (10th Cir.2001).

*Kerr v. Hickenlooper*, 744 F.3d 1156, 1172–73 (10th Cir. 2014*), cert. granted, judgment vacated*, 135 S.Ct. 2927 (2015). If a case or controversy should be described as a "political question," then the case should be excluded from judicial review.

Here, the Complaint wants to impose liability on the law making process itself. This is a clear voyage into political territory. Oklahoma Constitution, article VI, § 11, and article V, § 1, show that the right to make and pass laws exists solely within the Legislature and the Executive, not the judiciary. This Court should find that the Complaint's request seeking a declaratory judgement regarding Oklahoma's Legislatures enactment of the Oklahoma Truth and Sentencing Act is inappropriate for judicial review as a political question and is much better left to the political process for proper resolution.

## PROPOSITION V:   PLAINTIFFS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, a prisoner cannot sue concerning prison conditions without first exhausting all available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 733-34 (2001); 42 U.S.C. § 1997e(a). Exhaustion is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Booth*, 532 U.S. at 741.

~ 9 ~

Prisoners must exhaust remedies, even if doing so seems futile. *Jerningan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Moreover, a prisoner must timely exhaust each and every step of a prisoner's system's grievance procedure in full compliance with the procedure's requirements; partial compliance is insufficient. *Id.* Courts will only excuse failure to exhaust if prison officials impede the prisoner's attempts. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). Finally, the prisoner must complete the grievance process or there is no exhaustion of administrative remedies. *Id.*

Plaintiffs claim that exhaustion on the issues of overcrowding and understaffing would be futile because Defendants "have no power to decree…relief." [Doc. 1, ¶ 77]. However, Plaintiffs mischaracterize the nature of their claims. As will be discussed more fully below, overcrowding and understaffing are not constitutional violations in and of themselves. A claim for an Eighth Amendment violation only arises when these conditions lead to an unconstitutional denial of Plaintiff's health and safety needs. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991) and *Rhodes v. Chapman*, 452 U.S. 337, 345-48 (1981). Thus, Plaintiffs conclusion that exhaustion is inapplicable because overcrowding and understaffing alone are not grievable issues is erroneous.

In *Ngo*, 580 U.S. 81, 85 (2006), the Supreme Court held that a plaintiff "must exhaust administrative remedies even where the relief sought … cannot be granted by the administrative process." The PLRA's exhaustion requirement is mandatory, and courts are not authorized to dispense with it. *Beaudry v. Corr. Corp. of America*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). For the foregoing reasons, this Court should find that Plaintiffs failed to exhaust administrative remedies and dismiss their claims in their entirety.

**PROPOSITION VI:** **PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiffs' claims against these Defendants must fail as to each constitutional violation alleged in this action. To assert a claim under 42 U.S.C. § 1983, a plaintiff must show as a threshold matter (1) that a right secured by the Constitution and laws of the United States was violated and (2) that a person acting under color of state law deprived the plaintiff of the right. *Hall v. Witteman,* 584 F.3d 859, 864 (10th Cir. 2009). For reasons more fully set forth below, Plaintiffs fail to state a claim upon which relief can be granted against these defendants.

### A. Eighth Amendment

Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). *See also Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) ("Prison officials are required to provide humane conditions of confinement by ensuring inmates receive the basic necessities to guarantee the inmates' safety.").

An Eighth Amendment claim includes an objective component, whether the deprivation of a basic human need is sufficiently serious, and a subjective component, whether the officials acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). As for the objective component, extreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations omitted).

Thus, in a conditions-of-confinement case, a "sufficiently serious" deprivation is shown when "a prison official's act or omission … result[s] in the denial of 'the minimal civilized measure of life's necessities.' " *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

The Constitution "does not mandate comfortable prisons." *Rhodes*, 452 U.S. at 349. The conditions may be restrictive and even harsh. *Id.* at 347. To prove an unconstitutional deprivation, "a prisoner must show that conditions were more than uncomfortable, and indeed rose to the level of conditions posing a substantial risk of serious harm to inmate health or safety." *DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001) (internal quotation omitted). Whether there is a substantial risk of serious harm depends on "the particular facts of each situation; the circumstances, nature, and duration of the challenged conditions must be carefully considered." *Id.* at 975 (quotation marks and citations omitted). "[T]he length of exposure to the conditions is often of prime importance." *Id. See also Mitchell v. Maynard*, 80 F.3d 1433, 1443 (10th Cir. 1996). Furthermore, the measures employed to alleviate the condition must be taken into account. *See Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) and *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001).

The subjective component follows from the principle that "'only the unnecessary and wanton infliction of pain implicated the Eighth Amendment.'" *Id.* A finding of indifference requires a showing that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Under this standard, "the official must both be aware of facts which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Plaintiffs allege that Defendant Allbaugh violated their Eighth Amendment rights because the Oklahoma prisons are understaffed and overcrowded, allegedly creating dangerous living conditions. The United State Supreme Court has repeatedly held that Plaintiff's claims do not stem from the mere fact that ODOC's prisons are overcrowded and understaffed – Plaintiff's claims only arise when overcrowding and understaffing result in an unconstitutional denial of their health and safety needs. *See Wilson v. Seiter*, 501 U.S. at 298 and *Rhodes v. Chapman*, 452 U.S. at 345-38. In support of these allegations, Plaintiffs cite to various news articles discussing ODOC prison conditions. [Doc. 1, pp. 32-43]. Yet, Plaintiffs articles are inadmissible as evidence pursuant to *New England Mut. Life Ins. Co. v. Anderson*, 888 F.2d 646, 650 (10th Cir. 1989). Moreover, Plaintiffs do not cite any injury they sustained that is directly attributable to Defendants Allbaugh or Fudge.

Instead of articulating any specific injury sustained as a result of overcrowding and understaffing, Plaintiffs rely upon *Battle v. Anderson*, 564 F.2d 388 (10th Cir. 1977), a case distinguishable from the vague and broad facts presented in their Complaint. In *Battle*, the Court found "various and sundry physical and environmental conditions existing throughout the system which were offensive and substandard." *Id.* The Court further noted "overwhelming" evidence of "existing environmental health and safety problems in the system …." *Id.* at 398. Here, Plaintiffs plead factual allegations that are speculative of all ODOC facilities that cannot adequately sustain an Eighth Amendment deliberate indifference violation against Defendants.

In sum, Plaintiff's lifestyle in prison may not be ideal, but there is no indication that it was unconstitutional or that Plaintiffs have sustained any damages beyond discomfort or

inconvenience. Specifically, the Eighth Amendment does not require comfortable prisons, and the conditions imposed therein may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). This Court's analysis should not be based on "[its] idea of how best to operate a detention facility." *Id.* at 351. It should reflect a "balance between judicial respect for the exigencies of running a prison and the 'broad and idealistic concepts of dignity, civilized standards, humanity and decency' embodied in the Eighth Amendment." *DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)) (internal citations omitted). Plaintiffs have not alleged any denial of minimal life necessities as noted in *Farmer* by the United States Supreme Court. For the foregoing reasons, Plaintiffs' claim that these defendants, particularly Defendant Allbaugh, violated their Eighth Amendment rights due to prison overcrowding or understaffing are without merit and must be dismissed.

## B. Fourteenth Amendment

Plaintiffs have also failed to state a claim of a due process deprivation against these defendants. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property, without due process of law." U.S. CONST. amend. XIV § 1. "To determine whether due process requirements apply in the first place, [a court] must look not to the 'weight' but to the nature of the interest at stake." *Board of Regents v. Roth*, 480 U.S. 564, 570 (1972). "A person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* at 577.

Procedural due process imposes constraints on governmental decisions that deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause

of the Fourteenth Amendment. At the threshold, therefore, to claim a due process violation, a plaintiff must first demonstrate that a deprivation of liberty or property is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The types of interests that constitute "liberty" and "property" for Fourteenth Amendment purposes are not unlimited; the interest must rise to more than "an abstract need or desire," *Roth*, 408 U.S., at 577, and must be based on more than "a unilateral hope." *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981). Rather, an individual claiming a protected interest must have a "legitimate claim of entitlement" to it. *Roth*, 408 U.S., at 577.

Both the Tenth Circuit of Appeals and the Oklahoma Supreme Court have found that the Oklahoma parole statutes do not create a liberty interest in early release. *Shabazz v. Keating*, 977 P.2d 1089, 1093 (Okla. 1999); *See Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979); "A parole system which provides for the 'possibility of release' does *not* create a constitutionally protected liberty interest." *Phillips v. Williams*, 1980 OK 25, 608 P.2d 1131, 1134 (emphasis added). *See Jones v. Braggs*, Case No. CIV-18-855-R, 2019 WL 961995, *3 (W.D. Okla. Feb. 27, 2019) (unpublished); *Boutwell v. Keating*, 399 F.3d 1203, 1213-15 (10th Cir. 2005). "[T]here are no written and formally established factors to be considered by the Parole Board or the Governor in evaluating parole applicants. The Board's only statutory guidance in the exercise of its discretion is that it act as the public interest requires, and the sole existing statutory criteria dictate only the time of parole consideration." *Shirley*, 603 F.2d at 806.

Moreover, "in order for a person to have a liberty interest in parole entitled to protection, he must have a legitimate claim of entitlement to it.... Not only is there no constitutional or inherent right to receive parole prior to the expiration of a valid sentence,

but, absent state standards for the granting of parole, decisions of a parole board do not automatically invoke due process protections." *Malek v. Haun*, 26 F.3d 1013, 1015 (10th Cir. 1994). Further, "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). *See Ong Vue v. Henke*, 746 F.App'x 780, 782 (10th Cir. 2018) (unpublished) (holding that because the plaintiff did not have a liberty interest in receiving meaningful consideration for parole under Oklahoma law, he failed to state a due-process claim). As noted above, a liberty interest is created when a state's parole statute "sufficiently limits the discretion of a parole board" such that "a prisoner has a legitimate claim of entitlement to [parole]." *Burnett v. Fallin*, 754 F.App'x 696, 703 (10th Cir. 2018) (unpublished) (quoting *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009)). This exception creates a liberty interest when the language of the parole statute is mandatory rather than discretionary. *Id.*

Plaintiffs claim that because of Defendant Board's[4] actions, Plaintiffs have been and continue to be denied a realistic and meaningful opportunity for release. *See* [Doc. 1 at p. 10]. Although Plaintiffs deny challenging the validity of their sentences, Plaintiffs repeatedly reference their sentence being a *de facto* life without parole. The current parole statute establishes a discretionary parole process and does not limit the board's discretion. 57 O.S. § 331, *et. seq.* Nothing in the statute provides an Oklahoma inmate with an expectation that parole will be recommended based on any particular factors. Prisoners only become parole

---

[4] Plaintiffs' make no allegations in their Complaint against Defendant Fudge, but rather, they direct their allegations against the Oklahoma Pardon and Parole Board, a five member board wherein Defendant Delynn Fudge is not a board member.

"eligible." For prisoners who committed crimes before July 1, 1998, the statute sets initial dates for parole consideration at either one third of the actual sentence or a percentage of the sentencing matrix for the crime. *See* 57 O.S. § 332.7(A). For prisoners who committed crimes after July 1, 1998 but before November 1, 2019 fall within 57 O.S. § 332.7(B) and are required to serve one-third (1/3) of their sentence. However, the language in both subsections (A) and (B) of the statute mandates *consideration* for parole after the listed conditions are met which does not rise to due process protections. Thus, Plaintiffs do not have a legitimate claim of entitlement to the parole process because the Oklahoma statute grants the parole board complete discretion in making decisions. Therefore, Plaintiffs do not have a liberty interest and are not entitled to Due Process protections under the Fourteenth Amendment.

Furthermore, the statutory scheme for parole eligibility for violent offenders, like all Plaintiffs, does not allow the Board to grant parole. Parole can only be recommended to the Governor, who can then either accept or reject that recommendation. Defendant Fudge has no power to grant these Plaintiff's parole, because Oklahoma's Legislature chose to not give her that power. Because Plaintiffs do not have a liberty interest in obtaining parole their claims against these defendants must be dismissed.

**PROPOSITION VII:      DEFENDANTS FUDGE AND ALLBAUGH DID NOT PERSONALLY PARTICIPATE IN THE ALLEGED VIOLATIONS**

Plaintiff failed to sufficiently allege that Defendants personally participated in any constitutional violation. The Tenth Circuit has repeatedly held that, in § 1983 actions, specific factual allegations with regard to the elements of each claim are particularly important because "state actors may only be held liable under § 1983 for their own acts." *Robbins v. Oklahoma*, 519

F.3d 1242, 1251 (10th Cir. 2008); *see also Grimsley v. MacKay,* 93 F.3d 676, 679 (10th Cir. 1996)(claiming a public official cannot be individually liable unless an affirmative link can be shown between the official's conduct and the alleged constitutional violation). Therefore, a plaintiff must plead that *each* government-official defendant, through the official's own individual actions, has violated the constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Accordingly, Plaintiff have not pled "more than labels and conclusions" against these defendants. *Twombly* 550 U.S. at 555.

### A.  Defendant Allbaugh

In this action, Plaintiffs have not connected Defendant Allbaugh to any actual constitutional violation and therefore assert their claims against this defendant solely on his position as the Director of ODOC. In fact, Plaintiffs plead quotes allegedly made by Defendant Allbaugh regarding Oklahoma's 2016 incarceration rate and an incident that happened at one facility in 2017. [Doc. 1, ¶¶ 53, 66]. Despite these generic and broad quotes, Plaintiffs have not plead any allegation that personally links Defendant Allbaugh to any actual constitutional violation suffered by these Plaintiffs. Because Defendant Allbaugh was ODOC's Director[5], the principles of supervisory liability under § 1983 guide the personal participation analysis. A defendant cannot be held liable under § 1983 merely because of his or her supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). This is because § 1983 does not encompass claims for liability under the theory of *respondeat superior*.

---

[5] As stated above, Defendant Allbaugh resigned from his position as Director of the Oklahoma Department of Corrections on June 12, 2019. Scott Crow has been named as the Interim Director and will be substituted for Allbaugh regarding the remaining official capacity claims against, pursuant to Fed. R. Civ. P. 25.

*Brown v. Montoya,* 662 F.3d 1152, 1164 (10th Cir. 2011). Furthermore, government officials have no vicarious liability in a § 1983 suit for the misconduct of their subordinates, such as prison staff, because "there is no concept of strict supervisor liability under section 1983." *Jenkins v. Wood,* 81 F.3d 988, 994 (10th Cir. 1996) (quotation omitted). Further, to succeed in a §1983 suit against a supervisor, a party must show the following: "defendant promulgated, created, implemented, or possessed responsibility, for the operation of a policy"; that policy caused the alleged Constitutional harm; and defendant had the requisite state of mind to establish the Constitutional violation." *Dodds v. Richardson,* 614 F.3d 1185, 1200 (10th Cir. 2010). For reasons stated herein, Plaintiffs have failed to plead any personal participation of Defendant Allbaugh that amounts to a constitutional violation.

### B. Defendant Fudge

In the instant action, Plaintiffs have wholly failed to plead any facts to support their claims that Defendant Fudge violated their constitutional rights. *See* generally, [Doc. 1]. Plaintiffs claim that because of Defendant Board's "actions," they have been and continue to be denied a realistic and meaningful opportunity for release. *Id.* at ¶ 12. Yet, Plaintiffs fail to allege that Defendant Fudge personally engaged in any activity that resulted in a constitutional violation. In fact, Plaintiffs direct their allegations against the Oklahoma Pardon and Parole Board, a five-member, part-time board of which Defendant Fudge is not currently a member. Similar to Defendant Allbaugh, Plaintiffs assert their claims against Defendant Fudge solely on her position as the former Director of the Oklahoma Pardon and Parole Board. For similar reasons set forth above, Plaintiffs fail to allege what actions Defendant Fudge has engaged in

to deprive them of any constitutional right. Thus, Plaintiffs fail to set forth any allegations linking Defendant Fudge to a constitutional violation stemming from the parole process.

**PROPOSITION VIII:   PLAINTIFFS   ARE   NOT   ENTITLED   TO DECLARATORY   JUDGMENT   OR   INJUNCTIVE RELIEF**

For reasons set forth in Propositions I – VII, Plaintiffs are not entitled to declaratory or injunctive relief. Plaintiffs cannot maintain a § 1983 action for declaratory or injunctive relief unless they can demonstrate a good chance of being injured in the future. *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991). Under *Ex parte Young,* 209 U.S. 123 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief. *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 645 (2002). *See also Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012). But, no such exception to immunity is applicable here. There is no violation of federal law much less an on-going one.

Here, Plaintiffs are unlikely to succeed on the merits of their claim that Defendants Allbaugh and Fudge violated their Eighth and Fourteenth Amendment rights. "[A] declaratory judgment plaintiff must present the court with a suit based on an 'actual controversy,' …. [But] even where a constitutionally cognizable controversy exists … district courts 'may'—not 'must'—make a declaration on the merits of that controversy."*Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008). "[P]ast exposure to illegal conduct does not in itself show a present case or controversy" "if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983) (internal quotation marks omitted). Moreover, declaratory relief may not be invoked as a substitute for an appeal by one who has

been aggrieved by an adverse agency ruling, as is the case here. *Ricks Exploration Co. v. Oklahoma Water Resources Bd.*, 695 P.2d 498 (Okla. 1984). Therefore, Plaintiffs fail to state how precisely a declaratory judgment would settle any controversy or clarify legal issues at hand.

Plaintiffs are also seeking an injunction requiring Defendants to provide proceedings that afford a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation for youthful offenders serving life sentences. [Doc. 1, p. 45]. To sustain a claim for injunctive relief against a public official, a plaintiff must show an ongoing constitutional violation. *Green v. Mansour*, 474 U.S. 64 (1985); *see also O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669 (1974). Plaintiffs fail to actually connect either Defendant with the relief sought. Defendant Allbaugh is no longer ODOC Director. Defendant Fudge is no longer on the Board that could recommend parole.  Because there is no evidence that these specific Defendants, Allbaugh and Fudge, are violating Plaintiffs' constitutional rights now or in an ongoing manner, Plaintiffs' request for injunctive relief must also fail.

**PROPOSITION XI:       DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY**

Individually named defendants are immune from Plaintiff's claims for damages under the doctrine of qualified immunity. Qualified immunity shields government officials from civil liability. This shield can only be penetrated when the official violates clearly established constitutional rights of which a reasonable person would have known. *Hernandez v. Mesa*, 173 S.Ct. 2003 (2017); *see also Kisela v. Hughes*, 138 S.Ct. 1148 (2018). The purpose of this immunity is to "protect the public from unwarranted timidity on the part of public officials," "to ensure that talented candidates are not deterred by the threat of damages suits from entering public service," and to reduce "the chance that lawsuits will distract from the performance of public

duties." *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006) (internal quotation marks omitted) (quoting *Richardson v. McKnight*, 521 U.S. 399 (1997)); *see also Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("Qualified immunity … shield[s] officials from harassment, distraction, and liability when they perform their duties reasonably").

In addition, "the clearly established law must be 'particularized' to the facts of the case" and may not be defined at a high level of generality. *White v. Pauly*, 137 S.Ct. 548, 552 (2017) *quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987). It is the plaintiff's burden to produce case law in which "the facts of the existing case law must closely correspond to the contested action before the defendant official is subject to liability." *Gregorich v. Lund*, 54 F.3d 410, 415 (7th Cir. 1994); *District of Columbia v. Wesby*, 138 S.Ct. 577, 590 (2018) (we have stressed the need to "identify a case where an officer acting under similar circumstances . . . was held to have violated [federal law]"). The failure to identify such a case is fatal to the claim. *Smith v. McCord*, 707 F.3d 1161, 1162 (10th Cir. 2013).

Therefore, qualified immunity protects officials regardless of whether the official's error is a mistake of law, mistake of fact, or a mistake based on mixed questions of law and fact. *Pearson v. Callahan*, 555 U.S. at 232; *Ashcroft v. al–Kidd*, 563 U.S. at 743 (When properly applied it protects "all but the incompetent or those who knowingly violate the law"). Once a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to demonstrate that (1) the defendant violated one of his constitutional rights, and (2) the right in question was clearly established at the time of the allegedly unlawful activity such that "every reasonable official would have understood that what he [was] doing" violated the law. *Morris v. Noe*, 672 F.3d 1185, 1191 (10th Cir. 2012); *see also Felders v. Malcom*, 755 F.3d 870, 877–78

(10th Cir. 2014) ("The 'record must clearly demonstrate that the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity.'") (quoting *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001)).

In this case, as laid out above, Plaintiffs cannot meet their burden of establishing that Defendant Allbaugh violated their health and safety needs simply because the prisons are overcrowded and understaffed, as this alone does not rise to a constitutional violation. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also* Proposition VI. Plaintiffs also fail to establish the exact nature of the constitutional violation that Defendant Fudge committed. In the alternative because the legal authority Plaintiffs rely upon is easily distinguishable, Plaintiffs cannot demonstrate that the law is clearly established that the Defendants' conduct was unconstitutional. As to the Fourteenth Amendment claim, Plaintiffs are not entitled to a liberty interest in the parole process because the Oklahoma statute is discretionary and therefore does not create a liberty interest. Plaintiffs cannot overcome the qualified immunity defense without a constitutional violation, as explained above. Accordingly, Defendants are entitled to qualified immunity.

**PROPOSITION X:       PLAINTIFFS CANNOT ASSERT CLASS ACTION**

Although unclear, Plaintiffs seem to allege they are bringing this matter as a class action. Federal Rule of Civil Procedure 23 governs class actions, requiring Plaintiffs to meet four prerequisites: **(1)** the class is so numerous that joinder of all members is impracticable; **(2)** there are questions of law or fact common to the class; **(3)** the claims or defenses of the representative parties are typical of the claims or defenses of the class; and **(4)** the

representative parties will fairly and adequately protect the interests of the class. Plaintiffs fail to present any facts supporting these elements.

It is unclear how Plaintiffs would define the class sought. So, addressing numerosity based upon the Complaint seems an effort in futility. Further, each individual Plaintiff has different qualifications for parole, thereby failing to meet the prerequisite for common questions. As stated above, parole considerations are evaluated individually. Also, Plaintiffs fail to identify any representative or allege how he/she can adequately represent any such class. Finally, in order for Plaintiffs to bring a class action, they must ask the Court certify the class. If, and when Plaintiffs so move for certification, Defendants will object. *See* Fed. R. Civ. P. 23(c)(1)(A). As a result, class certification should be wholly denied.

## CONCLUSION

For the reasons set forth above, Plaintiffs' claims must fail in their entirety against Defendants Fudge and Allbaugh, and for any and all other relief the Court deems just and proper.

Respectfully submitted,

/s/ Jon Williford
**JON WILLIFORD, OBA #19598**
**JACKIE ZAMARRIPA, OBA#33647**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Section
313 NE 21st Street
Oklahoma City, OK 73105
Telephone:    (405) 521-3921
Facsimile:     (405) 521-4518
Email: jon.williford@oag.ok.gov
Email: jackie.zamarripa@oag.ok.gov
*Attorneys for Defendants Fudge and Allbaugh*

## CERTIFICATE OF SERVICE

This is to certify that on the 25th day of June 2019, a true and correct copy of the foregoing document was served via U.S. Mail, postage pre-paid thereon, to the following:

Ronald "Skip" Kelly
 Two Broadway Executive Park
 205 NW 63rd, Suite 150
 Oklahoma City, OK 73116
 Email: Kellyron01@yahoo.com
 *Attorney for Plaintiff*

/s/Jon Williford      
Jon Williford
