746 Fed.Appx. 780
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial
decisions issued on or after Jan. 1, 2007.
See also U.S.Ct. of App. 10th Cir. Rule 32.1.
United States Court of Appeals, Tenth Circuit.

ONG VUE, Plaintiff-Appellant,
v.
Frank X. HENKE, Oklahoma Board of Corrections Member; Ernest E. Haynes, Oklahoma Board of Corrections Member; Michael W. Roach, Oklahoma Board of Corrections Member; Dianne B. Owens, Oklahoma Board of Corrections Member; Adam Luck, Oklahoma Board of Corrections Member; John Holder, Oklahoma Board of Corrections Member; Kevin J. Gross, Oklahoma Board of Corrections Member; Delynn Fudge, Executive Director, Oklahoma Pardon and Parole Board; Thomas C. Gillert, Chairperson of the Pardon and Parole Board; Robert Macy, Pardon and Parole Board Member; C. Allen McCall, Pardon and Parole Board Member; Michael Steele, Pardon and Parole Board Member; Roberta Fullerton, Pardon and Parole Board Member; Melissa L. Blanton, Pardon and Parole Staff Attorney, Defendants-Appellees.

No. 18-6101
|
Filed August 22, 2018

**Synopsis**
**Background:** State prison inmate brought § 1983 action alleging that Oklahoma Pardon and Parole Board violated his equal protection and due process rights by arbitrarily denying his parole applications and by treating him differently from inmates who were younger than 18 years old when they committed their crimes. The United States District Court for the Western District of Oklahoma, Joe Heaton, Chief Judge, 2018 WL 2436414, adopted report and recommendation of Gary M. Purcell, United States Magistrate Judge, 2018 WL 2437194, and dismissed. Inmate appealed.

**Holdings:** The Court of Appeals, Nancy L. Moritz, Circuit Judge, held that:

[1] inmate failed to state § 1983 due process claim, and

[2] inmate failed to state § 1983 equal protection claim.

Affirmed.

West Headnotes (2)

[1]  **Constitutional Law**
    **Parole**
    **Pardon and Parole**
    **Parole as right or privilege**

State prison inmate's allegation that Oklahoma Pardon and Parole Board denied his parole application was not sufficient to support § 1983 claim for violation of due process, since inmate did not have liberty interest in receiving meaningful consideration for parole under Oklahoma law. U.S. Const. Amend. 14; 42 U.S.C.A. § 1983.

1 Cases that cite this headnote

[2]  **Constitutional Law**
    **Criminal law**
    **Pardon and Parole**
    **Factors governing decision, in general**

State prisoner's allegation that Oklahoma Pardon and Parole Board treated him differently from inmates who were younger than 18 when they committed their crimes was insufficient to state § 1983 claim for violation of his equal protection rights; inmate was at least 18 years old at time he committed his crime and thus he was not entitled to same constitutional protection given to individuals who were minors when they committed their crimes. U.S. Const. Amend. 14; 42 U.S.C.A. § 1983.

2 Cases that cite this headnote

**\*781** (D.C. No. 5:18-CV-00366-HE) (W.D. Oklahoma)

**Attorneys and Law Firms**

Ong Vue, Pro Se

Before BACHARACH, MURPHY, and MORITZ, Circuit Judges.

### ORDER AND JUDGMENT[*]

Nancy L. Moritz, Circuit Judge

Proceeding pro se,[1] Ong Vue appeals from the district court's order dismissing his 42 U.S.C. § 1983 action. We affirm.

In 1998, an Oklahoma jury convicted Vue of one count of first-degree murder and two counts of shooting with intent to kill. He received a life sentence for the murder conviction and two 20-year sentences for the shooting-with-intent-to-kill convictions.

In April 2018, Vue filed this § 1983 action. He alleged that the Oklahoma Pardon and Parole Board (the Board) violated his constitutional rights to equal protection and due process by arbitrarily denying his parole applications and treating him differently than inmates who were younger than 18 years old when they committed their crimes. A magistrate judge recommended **\*782** that the district court dismiss Vue's complaint for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B) (directing court to "dismiss the case at any time" if it determines that action "fails to state a claim on which relief may be granted"); id. § 1915A(b) (directing court to screen complaints filed by prisoners who "seek[ ] redress from a governmental entity or officer or employee of a governmental entity" and to dismiss if complaint "fails to state a claim upon which relief may be granted"). In so doing, the magistrate judge explained that Vue failed to state a claim under the Due Process Clause because Vue has no constitutionally protected liberty interest in being released on parole. The magistrate judge further concluded that Vue failed to state a claim under the Equal Protection Clause because he didn't allege that he was treated differently than any similarly situated individual.

Vue filed an objection to the magistrate judge's report and recommendation. Specifically, Vue challenged the magistrate judge's conclusions and also asserted, for the first time, that the Board discriminated against him because he "is nonwhite and not a U.S. citizen." R. 128. The district court rejected Vue's objections to the magistrate judge's conclusions. And to the extent Vue attempted to raise new arguments, the district court concluded that those arguments were waived and, in any event, didn't "raise [Vue's] claims to the plausible level." *Id.* at 145. Thus, the district court adopted the report and recommendation and dismissed Vue's complaint for failure to state a claim. *See* §§ 1915(e)(2)(B), 1915A(b). Vue appeals.

We "review de novo an order dismissing a prisoner's case for failure to state a claim." *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001); *see also Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (noting that de novo standard of review applies to dismissals under § 1915(e)(2)(B) ). In so doing, we accept the allegations in the complaint as true. *McBride*, 240 F.3d at 1289; *see also Kay*, 500 F.3d at 1217 (stating that we apply standards from Federal Rule of Civil Procedure 12(b)(6) and determine whether allegations "plausibly support a legal claim for relief").

Vue contends that the district court erred in dismissing his action because his § 1983 complaint states claims for relief under the Fourteenth Amendment's Due Process Clause and Equal Protection Clause. *See* U.S. Const. amend. XIV, § 1.

The Due Process Clause provides that no person shall be deprived "of life, liberty, or property, without due process of law." *Id.* So to prevail on a due-process claim, an individual "must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005). Here, Vue purports to challenge the loss of his liberty—or at least the loss of an opportunity for liberty—based on the Board's alleged failure to meaningfully consider his parole application.

**[1]** "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Id.* (citation omitted). Yet "[t]here

is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Thus, because Vue doesn't have a liberty interest in receiving meaningful consideration for parole under Oklahoma law, he fails to state a due-process claim. See *Shabazz v. Keating*, 977 P.2d 1089, 1093 (Okla. 1999) ("[T]here is no protect[a]ble liberty interest in an Oklahoma **\*783** parole."); *Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979) (explaining that parole in Oklahoma is discretionary).

In support of his equal-protection claim, Vue appears to assert that (1) because minors can't receive life sentences without the possibility of parole, Vue's life sentence, in combination with his parole denials, violates the Equal Protection Clause; and (2) the Board treated him differently from other inmates because he is "a nonwhite and not a U.S. citizen." R. 128.

The Equal Protection Clause generally guarantees "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). And Vue argues that by denying him parole or certain parole processes, the Board treated him differently than it treated certain other individuals: specifically, those who were under 18 at the time of their crimes and who are therefore constitutionally entitled to an opportunity for parole. See *Miller v. Alabama*, 567 U.S. 460, 479, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (holding "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders"); *Graham v. Florida*, 560 U.S. 48, 74–75, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (holding that defendants who were below age of 18 "when the offense was committed may not be sentenced to life without parole for a nonhomicide crime").

**[2]** But because Vue was at least 18 years old at the time he committed his crime, this argument is self-defeating. The Supreme Court has held that the Constitution prohibits a state from denying parole eligibility to minors. See *Miller*, 567 U.S. at 479, 132 S.Ct. 2455; *Graham*, 560 U.S. at 74–75, 130 S.Ct. 2011. This constitutional protection has never been extended to adults. As a result, a state can rationally draw distinctions between how they consider parole applications from (1) individuals who were adults when they committed their crimes and (2) individuals who were minors when they committed their crimes. Thus, Vue's first argument fails. See *Brown v. Montoya*, 662 F.3d 1152, 1172–73 (10th Cir. 2011) (explaining that "to assert a viable equal[-]protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them" (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998)) ).

Vue's second argument falls short for a different reason. His complaint doesn't allege that the Board treated him differently because he "is nonwhite and not a U.S. citizen." R. 128. Rather, as the district court pointed out, Vue raised this argument for the first time in his objections to the magistrate judge's report and recommendation. Thus, we find this argument waived and decline to consider it. See *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

For the foregoing reasons, we affirm the district court's order. As such, Vue incurs a strike under § 1915(g). See § 1915(g) (explaining that dismissal of prisoner complaint for failure to state a claim counts as strike against prisoner and that after three such strikes, prisoner can't bring any further actions in forma pauperis); *Burghart v. Corr. Corp. of Am.*, 350 F. App'x 278, 279 (10th Cir. 2009) (unpublished) (holding that prior dismissed actions count as strikes even if not filed in forma pauperis). As a final matter, we deny as moot Vue's motion to take judicial notice of certain facts and his motion to consolidate appeals.

**All Citations**

746 Fed.Appx. 780

Footnotes

\*   After examining the brief and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the

|   |   |
|---|---|
|   | doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1. |
| 1 | We liberally construe Vue's pleadings. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). But we won't act as his advocate. *See id.* |

---

**End of Document**	© 2019 Thomson Reuters. No claim to original U.S. Government Works.