IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLISON BEARD, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) NO. CIV-19-0310-HE |
| | ) |
| SCOTT CROW,[1] Interim Director, | ) |
| Oklahoma Department of Corrections, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The court previously dismissed plaintiffs' complaint challenging various aspects of Oklahoma's parole and corrections systems but granted them leave to amend as to their purported Eighth Amendment and state constitutional claims. Order, Sept. 13, 2019 [Doc. #12]. Plaintiffs have since filed an amended complaint which roughly reflects the narrowed scope of claims as to which amendment was permitted by the order. Consistent with that order, no claim is now attempted to be asserted against defendant Fudge, the executive director of the Oklahoma Pardon and Parole Board, based on the state's parole practices. Further, while the court's prior order permitted amendment of the complaint to assert a state constitutional claim if compliance with the Oklahoma Governmental Tort Claims Act could be shown, plaintiffs have not attempted that showing. As a result, the

---

[1] Scott Crow is now the Interim Director, Oklahoma Department of Corrections and is ordered to be substituted as a party for Joe Allbaugh, former Director, Oklahoma Department of Corrections, pursuant to Fed.R.Civ.P. 25(d).

sole claim which plaintiffs attempt to make out via the amended complaint is an Eighth Amendment claim for failure to protect.

As to that claim, plaintiffs acknowledge they are not seeking any relief against the Director of the Department of Corrections in his individual capacity. Nor are they seeking monetary damages against that defendant in his official capacity, acknowledging that such claims are in substance claims against the State itself and hence barred by Eleventh Amendment immunity. Only declaratory or injunctive relief is sought against the Director in his official capacity. A plaintiff may "bring suit against individual states officers in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." Muskogee (Creek) Nation v. Pruitt, 669 F.3d 1159, 1166 (10th Cir. 2012). Here, the complaint purports to do that.

Defendants have moved to dismiss the amended complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Since plaintiffs have not pursued state constitutional claims in the amended complaint, there is no longer any potential jurisdictional argument to which rule 12(b)(1) might have applied. As a result, the only question is whether the amended complaint states a claim within the meaning of rule 12(b)(6).

In addressing a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the plaintiff. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, dismissal under Rule 12(b)(6) is only appropriate "if the complaint alone is legally insufficient." Brokers' Choice of America, Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1104-05 (10th Cir. 2017) (citation omitted).

Plaintiffs' Eighth Amendment claims are based on allegations of overcrowding and understaffing in Oklahoma's prisons, which they contend expose them to a substantial risk of violence. To establish an Eighth Amendment claim in this context, an inmate must show that he is "incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). To succeed on such a claim, plaintiff must demonstrate that the "defendant-officials [] at the time suit was filed . . . knowingly and unreasonably disregard[ed] an objectively intolerable risk of harm, and that they will continue to do so . . . during the remainder of the litigation and into the future." *Id.* at 846; *see also* Druley v. Patton, 601 Fed. Appx. 623, 635 (10th Cir. 2015) (To obtain injunctive relief, plaintiffs "must show that the deprivation is objectively sufficiently serious and, subjectively, that the ODOC defendants were aware of a substantial risk of serious harm."). Here, where plaintiffs seek only "injunctive relief to prevent a substantial risk of serious injury from ripening into actual harm, the subjective factor, deliberate indifference, should be determined in light of the prison authorities' current attitudes and conduct." Farmers, 511 U.S. at 845 (quotations and citation omitted).

So the question becomes whether plaintiffs have alleged facts sufficient to make out the necessary elements of an unsafe conditions claim. The amended complaint alleges that plaintiffs "are subjected to inhumane conditions of confinement due to prison

3

overcrowding and inadequate staffing" in violation of the Eighth Amendment. It further alleges that each plaintiff "is in imminent fear of his safety and threatened with violence daily." Such conclusory allegations, by themselves, would be insufficient to state a claim under the 12(b)(6) standard. However, the amended complaint also includes more specific allegations as to system-wide violence in the Oklahoma prisons during the period of September 14-15, 2019. It alleges that the Department of Corrections ordered a statewide lockdown of all prisons on September 16, 2019, as a result. Plaintiffs allege that at least 36 inmates were injured, that one prisoner died, and that several ODOC officers were injured in the September occurrences. The amended complaint also alleges additional acts of violence at various facilities in recent years, as well as statistics indicating a greater risk of homicide in Oklahoma prisons than elsewhere. It also alleges statements by defendant Allbaugh and others suggesting unsafe conditions in Oklahoma's prisons.

Viewing these allegations in the light most favorable to plaintiffs, the court concludes the amended complaint states an Eighth Amendment claim. The court recognizes, as defendants argue, that the application of constitutional standards in the context of overcrowding and understaffing claims necessarily involve "predictions regarding the effects of population reductions, as well as difficult determinations regarding the capacity of prison officials to provide adequate care at various population levels." Brown v. Plata, 563 U.S. 493, 538 (2011). It also recognizes that the Eighth Amendment does not require comfortable prisons, and the conditions imposed in those facilities may be "restrictive and even harsh." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, the conditions arising from overcrowding and understaffing may, in a proper case, result

in violation of the constitutional standard. The court concludes plaintiffs have alleged sufficient facts here regarding their risk of serious bodily harm to state a plausible claim.

That conclusion avoids the need to resolve defendants' alternate argument that the complaint does not spell out exactly what kind of relief plaintiff seeks, or whether the circumstances might warrant a particular kind of injunctive relief. Doc. #16, p. 3. The question for present purposes is whether a claim is stated, and it is. Declaratory and injunctive relief are potential remedies available to plaintiffs if they ultimately prevail on the merits of the claim. *See, e.g.*, Jordan v. Sosa, 654 F3d 1012, 1025 (10th Cir. 2011) ("Thus, where a plaintiff seeks a declaratory judgment against his opponent, he must assert a claim for relief that, if granted, would affect the behavior of the particular parties listed in his complaint."). Attempting to resolve now the question of the relief to which plaintiffs might be entitled if they eventually prevail puts the cart before the horse.

Plaintiffs have stated an Eighth Amendment claim based on the state's alleged deliberate indifference to a substantial risk of serious harm to plaintiffs. Accordingly, defendants' Motion to Dismiss [Doc. #14] is **DENIED** as to that claim, which remains for resolution. All other claims have been dismissed as noted above.

**IT IS SO ORDERED**.

Dated this 18th day of November, 2019.

_____
JOE HEATON
U.S. DISTRICT JUDGE