IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLISON BEARD, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-19-00310-JD |
| | ) |
| STEVEN HARPE, Director, | ) |
| Oklahoma Department of Corrections, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiffs' Motion to Stay Proceedings ("Motion") [Doc. No. 88],[1] in which Plaintiffs seek a stay based on *Crane, et al. v. Stitt, et al.*, No. MA-119393. In *Crane*, the petitioners filed a petition for writ of mandamus and application in the Oklahoma Supreme Court to assume original jurisdiction. Motion at 1; [Doc. No. 88-1]. The petitioners in *Crane* challenged the subject-matter jurisdiction of Oklahoma state courts based on *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). *See* Motion at 1; *see also* [Doc. No. 88-1]. At the time Plaintiffs filed the Motion, the *Crane* action was pending, and Plaintiffs asserted that a "favorable determination [in *Crane*] could moot this action." Motion at 1.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing

---

[1] Plaintiffs refiled the Motion at [Doc. No. 88] to include the exhibits. Defendant's response in opposition is at [Doc. No. 86], and Plaintiffs' reply is at [Doc. No. 87].

*Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). Generally, "[t]he proponent of a stay bears the burden of establishing its need." *Id.* at 708. Whether a stay is warranted "may be altered with the passage of time and the continued development of the underlying [ ] matter . . . ." *See Ramirez v. Martinez*, No. 20-cv-0824 MV/SMV, 2022 WL 2390487, at *2 (D.N.M. July 1, 2022) (quotation marks and citation omitted) (discussing the necessity for a stay where the underlying matter was a criminal proceeding involving the defendant).

*Crane* has now been resolved and is no longer pending.[2] Thus, with the passage of time and the development in *Crane*, the basis of Plaintiffs' request for a stay no longer applies. The Court sees no reason to further hold this matter in abeyance.[3] The Court therefore DENIES the Motion to Stay Proceedings [Doc. No. 88].

---

[2] The Court may take judicial notice of actions on the Oklahoma State Courts Network. *See Thomas v. Louthan*, No. 22-7044, 2022 WL 17986128, at *2 (10th Cir. Dec. 29, 2022) (unpublished) ("We have exercised our discretion to take judicial notice of public records . . . available from the Oklahoma State Courts Network."); *see also St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). Having reviewed the Oklahoma State Courts Network, available at www.oscn.net, the Oklahoma Supreme Court denied the application to assume original jurisdiction in *Crane, et al. v. Stitt, et al.*, No. MA-119393, on April 12, 2021.

[3] With this Court's own *McGirt* criminal docket in the Eastern District of Oklahoma and increased felony filings in the Western District of Oklahoma, this matter has received a de facto stay while the Court prioritizes criminal cases as is required by the U.S. Constitution and the Speedy Trial Act. The Court apologizes to the parties and counsel for the delay in reaching the motions in this action. However, the Court sees no reason to further delay these proceedings.

IT IS SO ORDERED this 5th day of May 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE