IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLISON BEARD, *et al.*,           )<br>                                                    )<br>          Plaintiffs,                        )<br>                                                    )<br>v.                                                 )     Case No. CIV-19-00310-JD<br>                                                    )<br>STEVEN HARPE, Director,         )<br>Oklahoma Department of Corrections, )<br>                                                    )<br>          Defendant.                      )  | |

**ORDER**

Before the Court is Plaintiffs' Motion to Clarify Exhaustion of Remedies [Doc. No. 50], to which Defendant filed a response [Doc. No. 60]. Plaintiffs assert that exhaustion is futile here because there are no available administrative remedies to exhaust. Pls.' Mot. [Doc. No. 50 at 3]. In response, Defendant asserts that exhaustion is mandatory under the Prison Litigation Reform Act ("PLRA"), and that Plaintiffs "refused to avail themselves of the grievance process" before commencing this action. Def.'s Resp. [Doc. No. 60 at 6]. Defendant attaches to his response the Oklahoma Department of Corrections' ("ODOC") Inmate/Offender Grievance Process [Doc. No. 60-1] and the policy relating to non-associations and protective measures of inmates [Doc. No. 60-2] in support of his exhaustion argument.

Because materials outside the pleadings have been submitted and because failure to exhaust is an affirmative defense, the Court notifies the parties that it will treat Defendant's response as a motion for summary judgment under Federal Rule of Civil Procedure 56 as to the issue of exhaustion of administrative remedies. *See Burnham v.*

*Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 713 (10th Cir. 2005) (explaining that the district court "must provide the parties with notice so that all factual allegations may be met with countervailing evidence").

I.      **BACKGROUND**

By way of background, some discussion is warranted concerning the exhaustion issue and the unique procedural posture of this case. The Court discusses both below.

A.      **Exhaustion of Administrative Remedies under the PLRA**

"In an effort to address the large number of prisoner complaints filed in federal court, Congress enacted the [PLRA] of 1995," 42 U.S.C. § 1997e *et seq*. *See Jones v. Bock*, 549 U.S. 199, 202 (2007). The Act, which places restrictions on a prisoner's ability to file an action based on conditions of confinement, mandates screening of complaints by the judiciary and requires prisoners to exhaust prison grievance procedures before filing suit. *Id.* (citing 28 U.S.C. § 1915A). Exhaustion under the PLRA "is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). A prisoner "must now exhaust administrative remedies even where the relief sought . . . cannot be granted by the administrative process." *Id.* Moreover, "exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983." *Id.*

Before the Supreme Court's ruling in *Jones*, the Tenth Circuit, along with other circuit and lower courts, adopted certain procedural rules that required a prisoner to allege and demonstrate exhaustion in his complaint. *See Jones*, 549 U.S. at 204–06; *Purkey v. CCA Det. Ctr.*, 263 F. App'x 723, 725 (10th Cir. 2008) (unpublished) (citing *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204 (10th Cir. 2003), *abrogated by Jones v.*

*Bock*, 549 U.S. 199 (2007) and *Ross v. Cnty. of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004), *abrogated by Jones v. Bock*, 549 U.S. 199 (2007)). These rules also required a prisoner to "attach a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (citation omitted). Under these same rules, courts dismissed the entire action if the prisoner failed to exhaust as to any single claim in his complaint. *Jones*, 549 U.S. at 206; *Purkey*, 263 F. App'x at 725.

In *Jones*, the Supreme Court held that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. It also concluded that "[o]nly" unexhausted (or "bad claims") in a complaint are dismissed rather than the entire complaint. *Id.* at 221. Thus, post-*Jones*, the Tenth Circuit has held that prisoners "no longer [have] the duty of pleading exhaustion . . . ." *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007); *see also Aquilar-Avellaveda*, 478 F.3d at 1225. And "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007); *see also Freeman*, 479 F.3d at 1260. Further, following *Jones*, the failure to exhaust available administrative remedies "on one claim does not warrant dismissal of the entire action." *Roberts*, 484 F.3d at 1244.

Once the defendant demonstrates that the plaintiff did not exhaust his administrative remedies, "the onus falls on the plaintiff to show that remedies were

unavailable to him" *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019) (citation omitted). "Plaintiffs should be afforded an opportunity to counter the exhaustion defense in this manner regardless of whether the issue is asserted by defendants or raised by the court sua sponte." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) (citing *Aquilar-Avellaveda*, 478 F.3d at 1225).

In the wake of *Jones*, the Tenth Circuit has cautioned that "only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse." *Aquilar-Avellaveda*, 478 F.3d at 1225. Because this determination "requires an understanding of the remedies available" and "information from the defendant," "a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue." *Id.* at 1225–26 (citations omitted).

B.  **Procedural Posture of this Case**

Plaintiffs' Amended Complaint [Doc. No. 13] is the operative complaint. Plaintiffs, who are inmates in the custody of the ODOC allege that overcrowding and understaffing in Oklahoma's prisons expose them to a substantial risk of violence, in violation of their Eighth Amendment rights. They seek injunctive and declaratory relief under 42 U.S.C. § 1983, including reduction of the prison population and an increase in prison staffing. Plaintiffs also assert in their Amended Complaint that exhaustion is inapplicable. *Id.* at 13. Defendant affirmatively pleads lack of exhaustion as an affirmative defense in his Answer. [Doc. No. 18 at 6].

4

Although Plaintiffs initially filed a motion [Doc. No. 19] requesting an order directing Defendant to prepare and submit a Special Report consistent with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978),[1] they later filed a motion to withdraw their request [Doc. No. 20], indicating that Defendant had voluntarily begun discovery in good faith. The Honorable Joe Heaton, United States District Judge, granted Plaintiffs' request to withdraw their motion on December 20, 2019. [Doc. No. 21]. Ten days later, the case was reassigned to the undersigned for all further proceedings. [Doc. No. 22].

In a Joint Status Report filed with the Court on April 20, 2020, Defendant reiterated his affirmative defense that Plaintiffs had failed to exhaust their administrative remedies. [Doc. No. 32 at 1–2]. The Court took up this issue at the Scheduling Conference held on July 22, 2020. [Doc. No. 43]. According to the Scheduling Order, "[t]he parties discuss[ed] at some length exhaustion of administrative remedies," and the Court ordered Plaintiffs' counsel to decide whether to move for a stay or abstention as to exhaustion by January 2, 2021. *Id.* at 4. Instead, Plaintiffs' counsel filed the Motion to

---

[1] A Special Report or *Martinez* Report is an investigative report prepared by prison officials designed to "develop a record sufficient to ascertain whether there are any factual or legal bases for a prisoner's claims." *See Breedlove v. Costner*, 405 F. App'x 338, 343 (10th Cir. 2010) (unpublished) (citation omitted); *see also Martinez*, 570 F.2d at 319. A Special Report also details whether a prisoner has exhausted his administrative remedies. *See, e.g.*, *Gallagher v. Shelton*, 587 F.3d 1063, 1067 & n.7 (10th Cir. 2009) (noting that the report may not be used to resolve disputed factual issues, but that an uncontroverted report may serve as the basis for a dismissal). Here, Plaintiffs withdrew their request, and a Special Report was never prepared. Albeit not fatal, a Special Report may have identified the exhaustion issue earlier in the case.

Clarify [Doc. No. 50], and Defendant filed a response, attaching outside materials [Doc. No. 60].[2]

## II.   DISCUSSION

Noting the time that has passed in this case since the action was commenced, and after significant consideration, the Court determines that Defendant's response should be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 as to the issue of exhaustion of administrative remedies. The Court acknowledges its previous Order dated April 5, 2021 [Doc. No. 92] in which the Court struck the deadlines in paragraphs 7 through 16 of the current Scheduling Order [Doc. No. 43] and directed the parties to avoid any additional filings until the Court ruled on several pending motions. Because the exhaustion issue will impact whether and how this action proceeds, the Court sets forth a briefing schedule in this Order. Aside from the briefs identified in this Order, the parties should avoid making any additional filings until the Court enters an order on the exhaustion issue. *See* Fed. R. Civ. P. 1 (discussing the Court's power to construe the rules to secure the inexpensive determination of every action and proceeding); *Link v.*

---

[2] Elsewhere, Defendant notes the significant number of depositions taken in this action and notes that "[a]ll Plaintiffs deposed thus far have confirmed that they are aware of ODOC's PLRA exhaustion requirement . . . ." Def.'s Obj. & Resp. to Pls.' Mot. to Stay [Doc. No. 86 at 1–2]; *see also* Def.'s Obj. & Resp. to Pls.' Mot. to Amend [Doc. No. 93 at 4] (noting Defendant "propounded written discovery and deposed approximately twenty-three litigants prior to the discovery deadline"). Plaintiffs also point to materials from other cases. *See* Pls.'s Mot. to Clarify [Doc. No. 50 at 1] (citing to an exhibit from another action). Thus, the Court acknowledges it is possible the parties have additional materials they may wish to submit to the Court on summary judgment or to argue about in their briefing.

6

*Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (the Court has inherent authority to manage its docket "so as to achieve the orderly and expeditious disposition of cases").

Accordingly, the Court notifies the parties that it is converting Defendant's response [Doc. No. 60] to a Rule 56 motion for summary judgment. The Court will allow the parties an opportunity to submit supplemental briefs should they wish to do so regarding the pending issue of exhaustion of administrative remedies.

### III.  CONCLUSION

IT IS HEREBY ORDERED that Defendant's Response to Plaintiffs' Motion to Clarify Exhaustion of Remedies [Doc. No. 60] is converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

IT IS FURTHER ORDERED that if Defendant wishes to file a supplemental brief in further support of his argument that Plaintiffs' claims should be dismissed for failure to exhaust administrative remedies, he may file such brief on or before **June 9, 2023**.

IT IS FURTHER ORDERED that Plaintiffs may file a response to Defendant's supplemental brief. If Defendant does not file a supplemental brief, Plaintiffs may still file a supplemental brief. Plaintiffs' response or supplemental brief must be filed on or before **July 10, 2023**. Any reply by Defendant to Plaintiffs' response or supplemental brief must be filed on or before **July 24, 2023**.

IT IS FURTHER ORDERED that if the parties agree that the additional briefing described above is not necessary, they shall file a Joint Status Report on the docket on or before **June 9, 2023**, informing the Court that the issue of exhaustion is ripe for adjudication.

IT IS SO ORDERED this 10th day of May 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE